## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARIANO A. SANTIAGO,

      Petitioner,

v.                            CASE NO:  8:11-CV-1077-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1).  The Court has considered the petition, Respondent's response (Dkt. #22) and Santiago's reply (Dkt. #31). Upon consideration of the pleadings, record, and case law, the Court concludes that the petition should be denied.

## BACKGROUND

The factual background is taken mainly from Santiago's brief on direct appeal.  The procedural background is taken from the response filed in this case.

### A.     Factual Background

On November 17, 2004, at about 5:30 p.m., Randall McDermott was standing at the bar at the Surf and Sand Bar located in Madiera Beach, Florida, drinking a beer.  Santiago,

who knew McDermott, approached.  McDermott told Santiago that he did not want to talk to him or be his friend.

Bar employees asked Santiago to leave the premises.  Santiago left, but returned about five or ten minutes later.  Santiago picked up a draft beer glass, walked up behind McDermott and hit him in the back of the head with the glass.  The glass shattered. McDermott suffered a cut on the back of his head.  The two men began fighting and fell to the floor until others in the bar pulled Santiago away.

At trial, Katie Grynewicz testified that she was sitting behind McDermott when the incident occurred.  She observed McDermott and Santiago talking and then saw Santiago leave.  She saw Santiago return about five minutes later through a side door, pick up a beer glass and hit McDermott in the head.  She identified a standard draft beer glass from the Surf and Sand Bar as being like the one she saw Santiago use to hit McDermott.  The state placed the beer mug into evidence.

Amy Bird, a bartender at the Surf and Sand Bar, also observed the incident.  She knew both Santiago and McDermott.  McDermott was standing in front of her while she was making a drink when Santiago walked up behind him and hit him in the back of the head with the glass.  She also identified the standard beer mug as being the same type that was used to hit McDermott.

The police arrived about ten minutes after the incident.  Officer Deanna Kist made contact with Santiago and read him his *Miranda* rights.  She testified that Santiago appeared to understand the warnings and agreed to speak with her.  He told her that he hit McDermott

in the head when McDermott was walking away from him.  On the way to jail, Santiago told

Kist that he would slit Mr. McDermott's throat the next time he saw him.

At the close of the state's case, the defense moved for a judgment of acquittal arguing

that the state had failed to present sufficient evidence to establish that the glass was a deadly

weapon or had been used in a manner likely to cause great bodily harm.  The court denied

the motion on the grounds that it was a jury question - - the jury could see the beer glass,

hear the testimony about how it was used, and decide if it was likely to cause death or great

bodily harm.

The jury returned a verdict of guilty as charged.  On March 15, 2007, the court held

a sentencing hearing.  The state requested the court to impose the statutory maximum of

fifteen years in prison.  McDermott testified at the hearing that he was afraid of Santiago and

would like to see him incarcerated for as long as possible.  The prosecutor reminded the court

of Santiago's threat to cut McDermott's throat.  The defense put on the testimony of a

psychologist, Dr. Boone, who reported that Santiago had a history of mental illness and that,

during his examination, Santiago appeared erratic and bipolar.  The defense requested that

the court place Santiago in a program that would address his mental illness.  After hearing

the arguments, the court sentenced Santiago to fifteen years incarceration.

### B.    Procedural Background

Santiago appealed his sentence and the state appellate court affirmed without written

opinion.  *Santiago v. State*, 969 So. 2d 381 (Fla. 2d DCA 2007) [table].  Santiago did not

seek rehearing or pursue certiorari review in the United States Supreme Court.  He filed a pro

se motion for post-conviction relief under Fla. R. Crim. P. 3.850 on June 1, 2008.  The post-conviction court denied relief.  Santiago appealed and the post-conviction court's ruling was affirmed on December 8, 2010.  *Santiago v. State*, 52 So. 3d 669 (Fla. 2d DCA 2010) [table].

Santiago timely filed his habeas petition with this Court on May 16, 2011, raising the following grounds:

| | |
|---|---|
| **Ground One:** | Fundamental violation of due process when the court considered the state's misrepresentation of Defendant's past violent criminal history and using prior arrests on assaults as convictions in order to seek the statutory maximum of this case for the recidivism of convictions of assaults for which Defendant has not been convicted. |
| **Ground Two:** | Violation of right to effective assistance of counsel when counsel failed to investigate prior arrests that was (sic) being used by the state at first through a scoresheet with an incorrect plea, then using these prior arrests as convictions in sentencing phase and counsel did not object to the state's errors. |
| **Ground Three:** | Violation of due process where the Defendant was prohibited from accepting any other plea agreement deal due to defense counsel's neglegence (sic) in investigating Defendant's priors in order to correct a scoresheet that prejudiced Defendant as a career offender; but for the court having to take Defendant to trial without any further pleas. |
| **Ground Four:** | Violation of right to effective assistance of counsel when counsel failed to depose and call identified, and available defense witnesses for trial, and a *Miranda* hearing. |
| **Ground Five:** | Violation of right to effective assistance of counsel and due process when counsel misinformed the Defendant regarding use of prior convictions that caused the waiver to testify to be involuntary. |
| **Ground Six:** | Violation of right to effective assistance of counsel and due process where counsel waived the Defendant's presence at pre-trial proceedings without Defendant's consent and after the Defendant informed counsel he wanted to be present at all proceedings. |

**Ground Seven:**      Violation of right to effective assistance of counsel and due process when counsel failed to file a pretrial motion to suppress Defendant's statements on a *Miranda* violation and leading Defendant to the officers' own speculations while Defendant was intoxicated.

**Ground Eight:**      Violation of right to effective assistance of counsel when counsel failed to file a motion in limine to exclude from evidence: an illegal glass admitted into trial, called exhibit one.

**Ground Nine:**      Violation of right to effective assistance of counsel when counsel failed to raise an affirmative defense.

**Ground Ten:**      Violation of right to effective assistance of counsel when counsel failed to object to state's improper comments at trial.

**Ground Eleven:**      Violation of due process when the court failed to conduct a *Nelson* hearing upon notice of Defendant's complaint of ineffective assistance of counsel.

**Ground Twelve:**      The phrase "dangerous weapon" as it appears in section 784.045(1)(a)2, Florida Statute, is unconstitutionally vague as applied. U. S. Const. Amend.'s V, XIV - with sub-claim of ineffective assistance of counsel.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective as of April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment  of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L.Ed.2d 1090 (1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, Section 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L.Ed.2d 9 (2001). A federal court may grant a § 2254 petition only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent,* 538 U.S. 634, 638, 123 S. Ct. 1848, 155 L.Ed.2d 877 (2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

The Eleventh Circuit Court of Appeals discussed the meaning of the "contrary to" and "unreasonable application" clauses in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Id. See also Yarborough v. Gentry*, 540 U.S. 1, 124 S. Ct. 1, 4, 157 L.Ed.2d 1 (2003). Moreover, under Section 2254(e)(1), a state court's factual findings shall be presumed correct, and the habeas

petitioner can rebut the presumption of correctness only by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## **DISCUSSION**

**<u>Ground One:</u>**    Fundamental violation of due process when the court considered the state's misrepresentation of Defendant's past violent criminal history and using prior arrests on assaults as convictions in order to seek the statutory maximum of this case for the recidivism of convictions of assaults for which Defendant has not been convicted.

In support of ground one, Santiago contends that the court, in sentencing him, relied on the state's representation that he was a multiple convicted felon.  He argues that this misstatement by the prosecutor constitutes a violation of his right to due process.  Although he was sentenced to the maximum time in prison allowed by the statute, a sentence is a matter of state law.

A state's interpretation of its own laws rarely rises to a level involving a U. S. Constitutional issue.  And since federal habeas review is limited to issues of a U. S. Constitutional nature, Santiago's sentence at the statutory maximum is not reviewable here.

*Tejad v. Dugger*, 941 F. 2d 1551 (11th Cir. 1991).  This is so even if a petition describes an issue in terms of due process.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Issues of state law must be resolved by the state appellate courts.

Even if Santiago's state law claim were subject to federal habeas review, it would fail. The contention that his sentence was based on charges for which he was arrested, but not convicted, is belied by the record.  It is clear that the court sentenced him based only on his prior conviction for robbery, a conviction Santiago does not dispute:

THE DEFENDANT:   Your Honor, may I say just one thing?

He says - - he says that I have a violent past and I've been convicted of crimes with officers and all this.  I've never been arraigned on them, sir.  I don't know where he's getting his - - he should do his research, sir.

THE COURT:  Okay.  I know I've - -

THE DEFENDANT:   He should do his research because before - -

THE COURT:  Well, the only thing I'm considering is your prior convictions, Mr. Santiago.

THE DEFENDANT:   You know, but I wasn't convicted of it.

THE COURT:  No.  But you were convicted of some crimes and those are the ones that I'm concerned - -

THE DEFENDANT:   The only crime that I've been convicted of was a - -

THE COURT:   Robbery.

THE DEFENDANT:   - - bail jumping.  And that robbery I was picked up a week later in the street.  And I don't have blue eyes or nothing.  It was a - - and I took - - and I took it to a bench trial, and you can see that the description of the person is not me.

> THE COURT:   Yeah.  Well, regardless, you were convicted, and the Court is
> going to sentence you to 15 years in the Department of Corrections, credit for
> time served.  The Court will impose standard court costs, 450, plus 59.25 in
> investigative costs as a lien.

Resp. Ex. 10, pp. 168-169.

For the foregoing reasons, ground one does not merit habeas relief.

**Ground Two:**     Violation of right to effective assistance of counsel when counsel failed
to investigate prior arrests that was (sic) being used by the state at first
through a scoresheet with an incorrect plea, then using these prior
arrests as convictions in sentencing phase and counsel did not object to
the state's errors.

In support of ground two, Santiago argues that his counsel was ineffective for failing

to investigate his prior convictions.  He argues that the prosecutor misrepresented his record

when he described him as a multiple convicted felon with numerous assault convictions from

fighting with officers.  Santiago attached documentation to his petition confirming that he

was never convicted on the assault charge.  From that information, it appears that Mr.

Calcaterra, a clerk's employee in the state of New York, verified Santiago's assault charge

(docket number 8019/83) was dismissed, and that Santiago served sixty days for resisting

arrest (docket number 8020/83).  See Petitioner's Exhibit 1, p. 8.

The state post-conviction court concluded that defense counsel did not perform

deficiently since an objection was made:

> This claim is refuted by the record which shows that counsel did object to the
> court considering the defendant's alleged prior convictions on grounds that the
> state provided insufficient proof of said convictions.

Respondent's Exhibit 7, ground two, p. 2.

This Court, on habeas review, cannot conclude the post-conviction court's ruling was an unreasonable application of *Strickland*. Therefore, this ground does not overcome the AEDPA deference that this Court must allow the state post-conviction court. The state court could have decided the ground equally as well on the prejudice prong.

It is clear in the sentencing transcript that the court only relied on the prior robbery conviction in sentencing Santiago. Therefore, Santiago is unable to demonstrate that he was prejudiced by the prosecutor's reference to the prior assault charges. That is, Santiago is unable to show that his sentence would have been any different had his counsel performed a detailed investigation of his New York convictions. He therefore does not meet the *Strickland* prejudice prong.

For the foregoing reasons, ground two fails.

**<u>Ground Three:</u>**    Violation of due process where the Defendant was prohibited from accepting any other plea agreement deal due to defense counsel's neglegence (sic) in investigating Defendant's priors in order to correct a scoresheet that prejudiced Defendant as a career offender; but for the court having to take Defendant to trial without any further pleas.

In support of ground three, Santiago asserts that, during pretrial proceedings, he was given a scoresheet showing a lowest permissible plea of fifty months. He noticed that the scoresheet contained an inaccurate listing of prior arrests in the prior record section of the scoresheet. He rejected the fifty month plea offer, but says that he told his counsel that the lowest permissible plea would be thirty nine months if the scoresheet were corrected, and that he would enter a plea to thirty nine months. The state then withdrew the plea offer.

In denying this claim, the state post-conviction court said:

Claim Three

Defendant claims that counsel concluded plea negotiations without his full and complete consent. He further alleges that counsel failed to investigate and correct the scoresheet. Defendant claims that he would have accepted a plea under the corrected scoresheet's lowest permissible prison sentence.

In its response, the State refers to *Bass v. State*, 932 So. 2d 1170, 1172 (Fla. 2d DCA 2006). In *Bass*, the court concluded that the State was not obligated to reinstate a plea offer, even if it was withdrawn in reliance on an inaccurate criminal history. The court further stated that it was "pure speculation" as to whether the State would have reinstated a prior offer if the record error was corrected. The State argues that like in *Bass*, it is pure speculation whether a lesser offer would have been made in the present case, had defense counsel corrected the scoresheet.

The State's argument is well-taken. Postconviction relief cannot be based on speculative assertions. *Jones v. State*, 845 So. 2d 55, 64 (Fla. 2003). Here, Defendant is not entitled to relief because he has not conclusively established that the State would have made an offer based on the lowest permissible sentence. Furthermore, Defendant's assertion that counsel concluded plea agreements or negotiation without his full and complete consent is misguided. A defendant is not entitled to a plea offer from the State; that is a purely discretionary matter under the State's control. *See Bass*, 932 So. 2d at 1172. Thus, plea negotiations concluded when Defendant rejected the State's offers. Accordingly, this claim is denied.

Respondent's Exhibit 10, ground three, p. 161.

As in his state post-conviction proceeding, speculation is insufficient on federal habeas review to support a habeas claim. In ground three, Santiago is assuming, had the scoresheet been corrected, the state would have renewed and lowered its plea offer. Whether to make a plea offer is within the complete discretion of the state. Santiago is unable to demonstrate what the state would or would not have done had the scoresheet been corrected. Therefore, he fails *Strickland*'s prejudice prong.

**Ground Four:**   Violation of right to effective assistance of counsel when counsel failed to depose and call identified, and available defense witnesses for trial, and a *Miranda* hearing.

In his petition before this Court, Santiago does not identify the witnesses to which he refers, nor does he specify what each would have said under oath at trial. He does identify Officer Benjamin West who was present at the scene after the incident when Santiago was arrested. But the claim concerning Officer West is procedurally defaulted since it was not made to the state post-conviction court. In any event, it would fail on the merits here.

Santiago claims that while the arresting officer testified she had given Santiago his *Miranda* rights, Officer West "has a different opinion." Santiago then cites to page five (5) of Exhibit C attached to his petition in which someone, presumably Officer West, says:

Q.   Did either one of you read him *Miranda*?

A.   No. I don't know if Deputy Godin did. I don't recall, but I didn't. We then transported him in my vehicle to the scene.

The fact that Officer West, who was not the arresting officer, did not read Santiago his *Miranda* rights does not prove whether the arresting officer, Officer Kist, did so. His testimony cannot satisfy the prejudice prong because it cannot reasonably be said that the jury would have reached a different result had it heard this testimony.

In his post-conviction motion in state court, Santiago apparently did identify two witnesses that he requested his counsel to call at trial. The state post-conviction court denied the claim saying:

Ground Four
The Defendant alleges that counsel was ineffective for failing to subpoena and depose identified witnesses, and for failing to call those witnesses at trial. He contends that counsel's error, which caused the absence of these witnesses at trial, renders his trial fundamentally unfair because these witnesses would have cast doubt on the State's case and the victim's credibility. As further explained below, this claim is without merit.

As to witnesses Eric Johnson and Brian Maddocks, defense counsel listed them as witnesses and obtained funds from the court to hire a private investigator to look for them. See Exhibit B: Motion to Appoint Investigator and Order Granting; Exhibit C: Defendant's Witness List and Amended List. The investigator was unsuccessful in locating Johnson and Maddocks, and when the State subpoenaed them for depositions they failed to appear. See Exhibit D: Trial Transcript Excerpt, pgs. 63-64; Exhibit E: Notice of Examination; Exhibit F: Subpoenas. The Defendant knew that Johnson could not be located for trial, but he chose to proceed with the trial even though his witnesses could not be located. See Exhibit D: Trial Transcript Excerpts, pgs. 63-64; Exhibit G: Subpoena and Return. Thus, the record refutes the Defendant's claim as to these witnesses. Furthermore, the testimony Defendant alleges that these witnesses would have proffered would not have likely changed the outcome of the case considering the totality of the evidence and circumstances and considering that these witnesses, by the Defendant's own admission, were not present when the offense occurred. See Exhibit D: Trial Transcript Excerpt, pgs. 80-85; Defendant's Motion, pgs. 9-11.

As to the bartender named Debbie, the testimony Defendant alleges she would have proffered would not have changed the outcome of the case considering she left the crime scene before the offense occurred and therefore did not witness whether the Defendant did or did not commit the crime. Accordingly, this ground is **DENIED.**

Respondent's Ex. 7, ground four, pp. 53-54.

All of Santiago's claims about what certain witnesses might have said under oath at trial is mere speculation on his part. He does not attach their affidavits or otherwise demonstrate how their testimony would have changed the outcome of his trial. Conclusory

and unsupported allegations will not support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F. 2d 1551 (11th Cir. 1991).

And Santiago's admissions to Officer Kist were not the primary evidence against him. The compelling evidence was the eyewitness testimony that he left the bar when asked to do so by bar employees, and then returned, picking up a beer mug and smashing the victim over the head from behind. Given that testimony, Santiago fails to show any reasonable probability of a different outcome had his counsel been able to call other witnesses at trial who were not present at the time of the incident.

For the foregoing reasons, ground four lacks merit.

**Ground Five:**    Violation of right to effective assistance of counsel and due process when counsel misinformed the Defendant regarding use of prior convictions that caused the waiver to testify to be involuntary.

In support of ground five, Santiago argues:

Trial counsel did not want Defendant to testify during trial, even though Defendant desperately wanted to tell the jury his side of incident. The only reason counsel did not want Defendant to testify was his presumption that the Defendant had been convicted of other assaults back in 1983.

Petition (Dkt. #1), ground five, p. 12.

This ground was claim five in his post-conviction motion. In denying that claim, the state post-conviction court said:

Claim Five
Defendant alleges that he relied on counsel's misinformation in deciding not to testify at his trial. Specifically, Defendant argues that counsel told him there would be no defense against his prior convictions and violent criminal history. Defendant claims that this advice was based on counsel's incorrect information concerning his prior criminal history (see claim one).

Defendant does not specifically allege that counsel was referring to the same prior offenses that he (Defendant) is refuting. Because Defendant did in fact have other established prior felony convictions, counsel's advice was not inaccurate. *See e.g. Hall v. State*, 10 So. 3d 170 (Fla. 5th DCA 2009) ("Hall testified that his trial counsel informed him that if he testified, he had to truthfully state the number of his prior felony convictions").

Furthermore, this Court is persuaded by the State's argument that the Defendant's proposed testimony was not sufficiently exculpatory to affect the outcome of his case. Defendant claims that but-for counsel's alleged misadvice, he would have testified that the victim provoked him. He further claims that if he had testified, there is a "reasonable basis to believe the jury would have found [his] actions justified." However, Defendant's proposed testimony is refuted by testimony presented at trial. Eye witness Katie Grynewicz, testified that Defendant left the bar, but returned five minutes later and hit the victim behind the head with a glass. [See Exhibit C: Trial Transcript, pp. 26-27]. Ms. Grynewicz further testified that the victim had been "sitting there minding his own business" at the time of the battery. [See Exhibit C: Trial Transcript, pp. 26/ln. 4]. Amy Bird, a bartender present during the altercation, testified that the victim had been looking in her direction when he was struck by Defendant. [See Exhibit C: Trial Transcript, pg. 39]. She testified that the victim had not engaged in any type of physical struggle or confrontation with Defendant prior to being struck. [See Exhibit C: Trial Transcript, pg. 41]. Finally, Detective Kist testified that Defendant admitted the offense, and told her that if he got out of jail, he would slit the victim's throat. [See Exhibit C: Trial Transcript, pp. 53-54]. Therefore, as the State points out, the testimony of the eyewitnesses, as well as the testimony of Detective Kist, would likely have overwhelmed any favorable testimony proffered by Defendant. *See State v. Larzelere*, 979 So. 2d 195, 210 (Fla. 2008). Accordingly, this claim is denied.

Respondent's Exhibit 10, claim five, pp. 161-162.

This ground fails both prongs of *Strickland*. First, defense counsel was correct that had Santiago testified he could be impeached with his prior convictions, whatever they were. Second, Santiago cannot show prejudice because he is unable to demonstrate how his testimony would have overcome the eyewitness testimony as set out in the order of the post-

conviction court.  That is, there is no reasonable likelihood that the result of the trial would have been different.  Failing both prongs of *Strickland*, ground five fails.

**Ground Six:**        Violation of right to effective assistance of counsel and due process where counsel waived the Defendant's presence at pre-trial proceedings without Defendant's consent and after the Defendant informed counsel he wanted to be present at all proceedings.

The state post-conviction court denied this claim because Santiago did not plead prejudice.  That is, Santiago, in his pleading, did not set forth how the outcome of the trial would have been different had he attended any of the pretrial proceedings about which he complains.  The state post-conviction court granted Santiago thirty days within which to amend his claim if, in good faith, he could allege prejudice, but Santiago chose not to amend. Since he failed to properly plead this claim in his state post-conviction motion, he is procedurally defaulted from bringing it here on habeas review.  Therefore, this ground must be dismissed.

Even if this Court were able to reach this claim on the merits, it would still fail.  Under federal law, a defendant is not entitled to be present for all pretrial proceedings, only those that are critical to the outcome.  *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  As did Santiago's post-conviction motion, his present petition fails to identify what different result would have been achieved had he attended any particular pretrial hearing.  He merely makes vague, conclusory assertions which are insufficient to support a claim for habeas review. *Tejada v. Dugger*, 941 F. 2d 1551 (11th Cir. 1991).

For these reasons, ground six fails.

**Ground Seven:**  Violation of right to effective assistance of counsel and due process when counsel failed to file a pretrial motion to suppress Defendant's statements on a *Miranda* violation and leading Defendant to the officers' own speculations while Defendant was intoxicated.

The post-conviction court denied this claim because the arresting officer testified that she did, in fact, give Santiago his *Miranda* rights:

> The Defendant alleges that counsel was ineffective for failing to file a motion to suppress his statements on the grounds that his *Miranda* was not read to him and therefore his rights were violated.  This claim is refuted by the record.
>
> The Defendant argues that he was not advised of his *Miranda* and that he waived his rights.  <u>See Exhibit D: Trial Transcript Excerpt, pgs. 49-56; Exhibit H: Kist Deposition Transcript</u>.  The record further fails to establish good-cause to challenge the *Miranda* advisement.  *Id.*  Consequently, the record does not demonstrate any legal cause upon which counsel could have based a motion to suppress and therefore a motion filed on grounds that the Defendant's *Miranda* rights were violated would have been denied.  Because counsel cannot be ineffective for failing to file a meritless motion this ground is accordingly **DENIED**.  *Brown v. State*, 894 So. 2d 137, 146 (Fla. 2004).

Respondent's Ex. 7, ground seven, p. 55 (footnote omitted).

This Court agrees with the post-conviction court that it would not be deficient performance for defense counsel not to file a motion to suppress when the arresting officer testifies that the *Miranda* rights were given.  But it is not necessary to discuss whether the performance was deficient because this claim fails on *Strickland*'s prejudice prong.  As the state points out in its response brief, the state presented compelling eyewitness testimony at trial establishing Santiago's guilt of the charged offense.  Even had his own statements been suppressed, the eyewitness testimony was more than sufficient for his conviction.  In sum, even if Santiago's own statements were removed from the evidence presented to the jury, the

outcome still would have been the same.  Since this claim fails *Strickland*'s prejudice prong, it will be denied.

**<u>Ground Eight:</u>**    Violation of right to effective assistance of counsel when counsel failed to file a motion in limine to exclude from evidence: an illegal glass admitted into trial, called exhibit one.

The beer mug shattered when it made contact with the victim's head.  At trial, the state placed into evidence another beer mug that witnesses identified as being like the one that was used to hit the victim.  Santiago complains that his counsel should have moved to exclude the demonstrative beer mug from evidence.

First, Santiago is factually incorrect.  His counsel did object to the introduction of the beer mug into evidence:

BY MR. BURGESS:

Q.    I'm going to show you what's marked for identification purposes as State's Exhibit Number 1.  Do you recognize what this is?

A.    Yes, sir.

Q.    Is - - at the time that this happened, is that the type of glass that you were drinking out of?

MR. O'NEILL:    Judge, we're going to object to any testimony relating to that.  That is not the glass that's alleged to have been used in this incident.

MR. BURGESS:    Your Honor, we are - -

THE COURT:    It's not purported to be.  It's just being identified as one similar to, and therefore the objection will be overruled.

Respondent's Ex. 1, Vol. 2, p. 18.

Since counsel did move to exclude the beer mug from evidence, Santiago's claim is without merit.

Second, if Santiago is claiming the admission of the beer mug was an evidentiary error on the part of the trial judge, that claim is a matter of state law, not one impacting Santiago's constitutional rights. Therefore, it is not subject to habeas review in federal court.

For the foregoing reasons, ground eight will be denied.

**Ground Nine:**  Violation of right to effective assistance of counsel when counsel failed to raise an affirmative defense.

In support of ground nine, Santiago argues:

Trial counsel had a reasonable basis to (sic) upon which to raise an affirmative defense of provocation, distress and/or self-defense. Trial counsel even failed to bring into trial any of these facts for the jury to understand why the incident occurred. Had counsel raised these facts and/or defenses, it is reasonable to say the outcome of trial would have been more favorable to the Defendant: the outcome could not have been worst (sic).

Petition (Dkt. #1), p. 20.

This claim of ineffective assistance of counsel fails both prongs of *Strickland*. Given the eyewitness testimony, Santiago's counsel could not argue in good faith that Santiago's actions were in self defense or in reaction to provocation. Counsel's performance was not deficient. And this claim fails *Strickland*'s prejudice prong because, even had these defenses been raised, they would have been ineffective to overcome the facts that Santiago left the bar and came back five minutes later hitting the victim over the head with a beer mug. That is, there is no reasonable probability of a different outcome. Therefore, ground nine will be denied.

**Ground Ten:**      Violation of right to effective assistance of counsel when counsel failed
to object to state's improper comments at trial.

The improper comment to which Santiago refers is the prosecutor's inquiry of
Detective Kist:

Q.      Had you had occasion to come into contact with Mr. Santiago before
that date on November 17th, 2004?

A.      Yes, several times.

Respondent's Ex. 1, Vol. 2, p. 51. Santiago contends this question was irrelevant and tended
to paint him as one who came into frequent contact with the police.

This claim can be disposed of on the prejudice prong.  Given the overwhelming
testimony of the eyewitnesses to the incident, it is inconceivable that this one question and
answer played a meaningful part in Santiago's conviction.  Put another way, even had
defense counsel successfully objected, there is no reasonable probability that the outcome
of the trial would have been different.  Therefore, this claim fails *Strickland*'s prejudice
prong and ground ten will be denied.

**Ground Eleven:**      Violation of due process when the court failed to conduct a *Nelson*
hearing upon notice of Defendant's complaint of ineffective assistance
of counsel.

Under Florida law, when a defendant wishes to discharge his lawyer, a trial court
should inquire of the defendant and the appointed counsel to determine whether there is
reasonable cause to believe that counsel is not rendering effective assistance. This procedure
is called a *Nelson* hearing in Florida because it was set forth in *Nelson v. State*, 274 So. 2d
256 (Fla. 4th DCA 1973), approved by *Hardwick v. State*, 521 So. 2d 1071 (Fla. 1988).

While Santiago couches his claim in terms of a due process violation, he is actually claiming the trial court erred in not following Florida law.  The state post-conviction court denied this claim on the grounds that it was a matter for direct appeal claiming trial court error, not a proper ground for collateral attack.  Since the claim was procedurally defaulted at the state level, it is procedurally defaulted here.

And, since this issue is a matter of state law, it is for state courts to resolve.  It does not involve a U. S. constitutional issue sufficient to support a habeas claim in federal court. *Pollock v. Sec'y, Fla. Dept. of Corr.*, 349 Fed. Appx. 383 (11th Cir. 2009) (unpublished, and *Brannan v. Booth*, 861 F. 2d 1507, 1508 (11th Cir. 1988) ("a habeas petition grounded on issues of state law provides no basis for habeas relief" even when couched in due process terms).

The Court notes that even were this claim cognizable on habeas review, it would fail on the merits.  Santiago has not shown his counsel to be ineffective in any regard.  Thus, had the trial court conducted a *Nelson* inquiry, there is no reasonable basis to believe that his counsel would have been removed.  And, Santiago has not demonstrated that the outcome of the trial would have been any different had he represented himself.

**Ground Twelve:**     The phrase "dangerous weapon" as it appears in section 784.045(1)(a)2, Florida Statute, is unconstitutionally vague as applied.  U. S. Const. Amend.'s V, XIV - with sub-claim of ineffective assistance of counsel.

The state post-conviction court denied this claim because it was procedurally barred.  It was an issue that should have been raised on direct appeal, not on collateral review.  Since

Santiago did not raise his claim in the proper state court, it is procedurally barred here on federal review and must be dismissed.

Each issue raised in a federal habeas petition must have been presented first to the state's highest court, either on direct appeal or on collateral review, depending upon which is the appropriate place for review under state law. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

It is therefore ORDERED AND ADJUDGED that:

1.    The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.    The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on April 5, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies Furnished To**</u>:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-1077.deny 2254 Santiago.wpd*